<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> STRATEGIC VENTURE GROUP, INC., et al., : <br> : <br> Defendants. : | Civil Action No. 07-1923 (SRC) <br><br> **OPINION & ORDER** |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon the motion to dismiss filed by Defendants Strategic Venture Group, Inc., Easton Franklin Ventures, Inc., East Brunswick Ventures, Inc., Milltown Ryder Ventures, Inc., Shetal Shah and Samir Desai (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket item # 7]. The Court has considered the parties' submissions in support of and in opposition to this motion, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion based on the papers submitted. For the reasons that follow, the Court denies Defendants' motion.

**I.    BACKGROUND**

Plaintiffs and Defendants were involved in franchising relationships pursuant to the terms of four Franchise Agreements. Plaintiffs, who own franchise systems for the operation of Dunkin' Donuts doughnut shops and Baskin Robbins ice cream shops, terminated the Franchise

Agreements in an April 23, 2007 Notice of Default and Termination. (Complaint, ¶ 48.) The Notice of Default and Termination cited various breaches of the Agreements as constituting "good cause" for termination, including intentionally under-reporting sales, failing to pay franchise and advertising fees, failing to pay payroll taxes and filing false tax returns. (Def. Br. Ex. A, at 2-3.) It set forth that "for the reasons stated in this Notice of Default and Termination, Franchisor elects to and does hereby, without further notice, terminate the Franchise Agreements, effective sixty (60) days from receipt of this Notice, or as provided by applicable law." (Id. at 3.) The Notice of Default and Termination also demanded that Defendants "immediately take such actions as are necessary to comply with your post-termination obligations," including ceasing to use Plaintiffs' marks and methods. (Id.)

On the following day, April 24, 2007, Plaintiffs initiated this lawsuit, alleging the same wrongful conduct by Defendants as was recited in the Notice of Default and Termination. Plaintiffs also allege that "Defendants have refused to comply with the terms of the Notice of Termination." (Complaint, ¶ 49.) The Complaint asserts claims for breach of contract, trademark infringement, unfair competition and trade dress infringement.

On June 22, 2007, Defendants filed the instant motion to dismiss the Complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

## II.  DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what

the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought.  Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  Id. at 1965.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In this case, Defendants argue that the Complaint fails to state a legally cognizable claim because Plaintiffs failed to provide the notice period required by the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-1, et seq. ("Franchise Practices Act") before a franchisor may terminate a franchise.  Specifically, Defendants contend that in filing this lawsuit the day after the Notice of Default and Termination was issued to Defendants, Plaintiffs did not comply with their statutory obligation to provide a franchisee with 60 days advanced written notice of termination of the franchise.  In other words, Defendants take the position that the claims asserted in this action are premature and unripe.  In support of this argument, Defendants rely on the Franchise

Practices Act's termination provision, which provides that to terminate a franchise, a franchisor must provide a franchisee with written notice setting forth all the reasons for the termination "at least sixty days in advance of such termination . . . ." N.J.S.A. § 56:10-5.

The cited provision, however, does not preclude a franchisor from initiating a legal action, such as this one, during the pendency of the 60-day notice period. Defendants seem to confuse the filing of this lawsuit with an immediate termination of the Franchise Agreements as of the date the suit is initiated. A review of the Complaint reveals that Defendants ask, in part, for an order enforcing the termination of the Franchise Agreements as of the effective date of termination according to the Notice of Termination, that is, the requisite 60 days from the date of the notice.

In any event, this discussion may be largely academic, because the 60-day notice period expired on June 23, 2007. That date has passed. Defendants' position that the Complaint fails to state a claim upon which relief may be granted because it was filed prior to the expiration of the notice period lacks merit. "In determining ripeness, a court may consider events that occurred after the filing of the complaint." Newark Branch, N.A.A.C.P. v. City of Lifton, No. 89-3238, 1990 WL 238665, at *4 (D.N.J. Dec. 27, 1990) (citing Am. Motorists Ins. Co. v. United Furnace Co., 876 F.2d 293, 302 n. 4 (2d Cir. 1989). Thus, for the foregoing reasons, the Court finds that the claims asserted in this action are ripe for adjudication.

The Court also finds that the Complaint sufficiently alleges facts in support of the claims asserted to withstand the instant motion to dismiss. The claims for relief, including breach of contract and trade infringement by the Defendant franchisees, revolve around Plaintiffs' allegations that the subject Franchise Agreements were properly terminated, that is, were

terminated for good cause.  The Complaint alleges that Defendants were not in substantial compliance with the terms of their Franchise Agreements due to, among other things, intentional under-reporting of sales, failure to pay contractually mandated fees on those sales and evasion of payroll taxes.  (Complaint, ¶¶ 41-50.)  The Franchise Practices Act permits termination of franchise for good cause.  N.J.S.A. § 56:10-5; Dunkin' Donuts of Am., Inc. v. Middletown Donut Corp., 100 N.J. 166, 178 (1985).  Plaintiffs' allegations of wrongdoing by Defendants, which the Court must accept as true on a Rule 12(b)(6) motion to dismiss, provide support for their claims that the Franchise Agreements were terminated for good cause.  Dunkin' Donuts of Am., Inc., 100 N.J. at 180 (holding that intentional under-reporting of sales by franchisee constitutes good cause for termination).

The Court does not, on this motion, rule on the ultimate merits of Plaintiffs' claims.  Rather, it is called upon to evaluate the sufficiency of the pleading, meaning whether it contains plausible grounds that would entitle Plaintiffs to the relief sought.  The Complaint in this action satisfies that standard, and thus Defendants' motion to dismiss the Complaint for failure to state a claim must be denied.

Accordingly, for the foregoing reasons, **IT IS** on this 13th day of August, 2007,

**ORDERED** that Defendants' motion to dismiss [docket item no. 7] be and hereby is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge