**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

**LETTER OPINION AND ORDER**

August 5, 2009

**VIA CM/ECF**
All counsel of record

> Re:   **Dunkin' Donuts v. Strategic Venture Group, Inc., et al.**
>         **Civil Action No. 07-1923 (SRC)**

Dear Counsel:

This matter comes before the Court by way of Plaintiff's Motion for Sanctions. (Doc. No. 74.)

For the reasons set forth below, Plaintiff's motion is denied.

1.   Background

Defendants owned and operated four Dunkin' Donuts franchise shops. (Pl.'s Moving Br. 1.)

Plaintiff Dunkin' Donuts terminated the Franchise Agreements in June 2007 due to Defendants'

alleged breach of the Franchise Agreements, including the following: (1) failure to accurately report

gross sales; (2) failure to pay all of the required royalty fees and advertising fees; (3) failure to

accurately maintain and keep full and complete books, accounting records, and supporting

documentation; and (4) violations of applicable labor and tax laws. *Id.*

Plaintiff served Defendants with written discovery requests on September 10, 2007. *Id.*

Defendants' responses were due on October 10, 2007; however, none were received by Plaintiff.

Plaintiff now moves for an Order imposing sanctions due to Defendants' failure to produce the requested discovery, including: (1) monetary sanctions against Defendants; (2) awarding Plaintiff its reasonable expenses incurred in bringing this Motion for Sanctions; and (3) entering Default Judgment against Defendants. *Id.*

Plaintiff seeks $18,737.90 in fees and costs related to its attempts to obtain responses to the discovery requests served on Defendants in 2007. Plaintiff seeks fees related to: (1) its efforts to obtain compliance with the Court's discovery related orders; (2) the time associated with its requests for the Court's assistance; and (3) counsel's attendance at various conferences with the Court. Lastly, Plaintiff requests that the Court enter an Order for default against Defendants.

2.      Legal Standard

   *a. Monetary*

A court may sanction a party for failure to make discovery or otherwise comply with the court's order. Fed. R. Civ. P. (37)(b)(2). In *Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997), the court held that when imposing monetary sanctions under Rule 37 the fees and costs must be reasonable. Further, under Rule 37, a court may decline to award attorneys' fees when the other party's failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. (37)(b)(2)(C).

   *b. Default*

In *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), the Supreme Court looked to whether there was "callous disregard" or "flagrant bad faith" by the parties. The court in *Bosch Rexroth, S.P.A. v. Taylor's International, LLC*, WL 2224818 (D.N.J. 2008), held that "dismissals with prejudice or defaults are drastic sanctions, termed extreme by the Supreme

2

Court, and are to be reserved for comparable cases." (citing *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 867 (3d Cir. 1984). The court in *Poulis* set forth a balancing test that the District Court should apply in determining whether dismissal is appropriate. The six factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.

3.    Analysis

In the present case, Defendants' conduct was not in bad faith or so unreasonable as to merit sanctions under Rule 37. The record reflects that Defendants changed counsel on two separate occasions. The first time Defendants' counsel withdrew was five days prior to the date responses to written discovery were due. In addition, there were significant delays between the Defendants' failure to provide discovery and the Plaintiff's attempts to follow-up on the delinquent discovery. Although Defendants' responses to Plaintiff's written discovery were due on October 10, 2007, Plaintiff's counsel did not send correspondence to Defendants regarding this deficiency until January 8, 2008. (Pl.'s Moving Br. 1). Defendants have not demonstrated "flagrant bad faith" by failing to respond to Plaintiff's written discovery. Default is a sanction warranted only in extreme cases; thus, inappropriate in this case. Moreover, the parties were actively engaged in settlement discussions during a significant portion of the case. The docket reflects that settlement conferences were held on October 3, 2007 before Judge Chesler and on February 24, 2009 before Judge Hochberg. (Docket Entries 23 and 63). Finally, the Court does not find prejudice by the failure to meet the scheduling

3

orders because the case settled.[1] In weighing all of the factors put forth in *Poulis*, the Court finds that sanctions are inappropriate.

4. Conclusion

For the reasons set forth above, Plaintiff's motion is denied.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

_____

[1] Judge Chesler recently granted Plaintiff's Motion to Enforce the Settlement Agreement.

4